# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-462V

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| STEVEN HILLSTROM, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 24, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 22, 2022, Steven Hillstrom filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") or chronic inflammatory demyelinating polyneuropathy ("CIDP"), as a result of receiving the Hepatitis B ("Hep. B") vaccine on September 4, 2020. Petition (ECF No. 1) at 1. A one-day entitlement hearing was held in Washington, D.C. on February 25, 2025, and the matter is still pending resolution.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Apr. 14, 2025 (ECF No. 69) ("Interim Fees Mot."). It is the first fees request in this case. Petitioner requests a total of $190,129.50 in attorney's fees and costs (reflecting $150,066.70 in

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

fees, plus $40,062.80 in costs) for the work of attorneys and paralegals at Kraus Law Group, LLC, through the date of the hearing. Interim Fees Mot. at 1–2. Respondent reacted to the fees request on April 15, 2025. *See* Response, dated Apr. 15, 2025 (ECF No. 70) ("Resp."). Respondent defers to my discretion as to whether Petitioner has met the legal and statutory requirements for an interim fees and costs award, as well as the calculation of the amount to be awarded. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$190,129.50**.

## ANALYSIS

### I.  Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But cases that are pending are subject to a reasonable basis analysis (since they literally have not yet been found to be "successful").

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for several years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to permit fees after a hearing is held, given the expense of such an

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

effort. And no other circumstances exist that make an interim award inappropriate.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Edward Kraus** (Attorney) | $458.00 | $472.00 | $497.00 | $525.00 | $564.00 |
| **Amy Kraus** (Attorney) | $384.00 | $384.00 | -- | $460.00 | $494.00 |
| **Brynna Ganag** (Attorney) | -- | -- | $390.00 | $412.00 | $443.00 |
| **Amanda Ramos** (Paralegal) | $170.00 | $170.00 | -- | $186.00 | -- |
| **Joyce Westphal** (Paralegal) | $170.00 | $170.00 | -- | -- | -- |
| **Megan Vignocchi** (Paralegal) | -- | $160.00 | $165.00 | $175.00 | $180.00 |

Interim Fees Mot. at 2, 6–22.

Mr. Kraus and his colleagues practice in Chicago, Illinois—a jurisdiction that has been deemed "in forum," entitling them to rates commensurate with what was established in *McCulloch*.

4

*See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *3 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The rates requested are consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[5] *Miller v. Sec'y of Health & Hum. Servs.*, No. 20-0531V, slip op. at 2 (Fed. Cl. Spec. Mstr. June 6, 2025) (approving hourly rate of $494.00 for work performed by Amy Kraus in 2025); *Riley v. Sec'y of Health & Hum. Servs.*, No. 22-0878V, slip op. at 2 (Fed. Cl. Spec. Mstr. June 18, 2025) (approving hourly rates of $443.00 and $564.00 for work performed by Brynna Gang and Ed Kraus in 2025, respectively). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested.

### I.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $40,062.80 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert—Norman Latov, M.D. Interim Fees Mot. at 40, 43–44. Dr. Latov prepared three written reports in this matter and testified on behalf of Petitioner. He submitted invoices reflecting a total of $35,250.00 (billing at an hourly rate of $500.00 for 74.5 hours of work, and after receiving a retainer fee of $2,000.00). *Id.* at 43–44, 58. This rate is acceptable, and I deem the work performed by Dr. Latov to have been reasonable in amount. All other litigation-associated costs are typical in Program cases and were reasonably incurred in this matter. These costs are thus appropriately included in this award.

### CONCLUSION

Based on the forgoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for Interim Fees and Costs. Petitioner is awarded a total amount of **$190,129.50**, reflecting $150,066.70 in attorney's fees and $40,062.80 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

---

[5] OSM Attorney's Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited June 24, 2025).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.