# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-462V**

* * * * * * * * * * * * * * * * * * * * * * * * *
STEVEN HILLSTROM,
Petitioner,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES,
Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: October 21, 2026

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Alexis Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD**
**OF ATTORNEY'S FEES AND COSTS**[1]

On April 22, 2022, Steven Hillstrom filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he developed Guillain-Barré syndrome ("GBS"), or chronic inflammatory demyelinating polyneuropathy ("CIDP"), as a result of receiving a Hepatitis B ("Hep. B") vaccine on September 4, 2020. Petition (ECF No. 1) at 1. A one-day entitlement hearing was held in Washington, D.C. on February 25, 2025. Minute Entry, dated Feb. 25, 2025. I subsequently filed a decision denying entitlement. Decision, dated Nov. 7, 2025 (ECF No. 77).

Petitioner previously filed a Motion for an Interim Award of Attorney's Fees on April 14, 2025, asking for fees and costs associated with the case up to that point. Motion, dated Apr. 14,

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2025 (ECF No. 69) ("Interim Fee Motion"). I granted this motion in full. Decision, dated June 24, 2025 (ECF No. 73). The currently-pending motion reflects all additional fees and costs incurred in litigating this matter from the time past the filing of the Interim Fee Motion. Motion, dated May 15, 2026 (ECF No. 80) ("Final Fees Motion"). Petitioner now seeks a total of **$4,434.95**, reflecting $2,984.10 in fees and $1,450.85 in costs. Final Fees Motion at 1–2.

Respondent has reacted to Petitioner's request. *See* Response, dated May 18, 2026 (ECF No. 81) ("Resp."). Respondent is satisfied that the statutory requirements for a fees award are met in this case, but defers the calculation of the amount to be awarded to my discretion. Resp. at 2.

For the reasons below, I **GRANT** Petitioner's Motion, awarding fees and costs in the total amount of **$4,434.95.**

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis is demonstrated through some objective evidentiary showing.[3] *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although this claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to a fees and costs award. I previously granted Petitioner's Interim Fees Motion, which required me to find a reasonable basis up to the point when the motion was filed. Decision, dated June 24, 2025 (ECF No. 73). There has been no substantial changes in the case to cause me find reasonable basis has since been lost (and the claim's dismissal does not deprive the matter of reasonable basis). Petitioner offered some objective proof in support of his causation theory, and addressed fairly-disputed question pertaining to his injury that required expert input to resolve. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348

[4] *See also Chuisano*, 116 Fed. Cl. At 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys based on the years work was performed:

| | **2025** | **2026** |
|---|---|---|
| **Amy Kraus (Attorney)** | $494.00 | $533.00 |
| **Edward Kraus (Attorney)** | $564.00 | N/A |
| **Paralegals** | $180.00 | $195.00 |

Final Fees Motion at 4–5.

The attorneys who worked on this matter practice in Chicago, Illinois, a jurisdiction that has been deemed "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch*. *See Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The requested hourly rates are consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedules and what has been awarded to these practitioners in the past, and find no reason to reduce them herein. *Gutierrez v. Sec'y of Health & Hum. Servs.*, No. 24-1902V, 2026 WL 1822242, at *1 (Fed. Cl. Spec. Mstr. May 21, 2026); *Burandt v. Sec'y of Health & Hum. Servs.*, No. 24-1472V, 2026 WL 1363094, at *1 (Fed. Cl. Spec. Mstr. Apr. 13, 2026). I also find the time devoted to the matter reasonable, and will therefore award all fees requested without adjustment.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester,* 2013 WL 5367670, at *16. When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*,

*Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,450.85 for his remaining litigation costs, including medical record retrieval costs and transcript costs. Final Fees Motion at 1, 12. Petitioner has provided supporting documentation for all claimed costs. *See id.* at 11–17. Petitioner's costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a fees award, I **GRANT** Petitioner's Final Motion for Attorney's Fees and Costs. Petitioner is awarded a total amount of **$4,434.95**, reflecting $2,984.10 in fees and $1,450.85 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.